IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 05 2006

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

| | |
|---|---|
| BILLY DON MATSLER,<br>　　　Plaintiff, | Civil Action No. 7:06CV00488 |
| v. | MEMORANDUM OPINION |
| SOUTHWEST VIRGINIA REGIONAL<br>JAIL, et al.,<br>　　　Defendants. | By: Hon. Glen E. Conrad<br>United States District Judge |

The plaintiff, Billy Don Matsler, a pre-trial detainee proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed Matsler's allegations, the court concludes that he has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Procedural Background

Matsler is presently incarcerated at the Southwest Virginia Regional Jail. He filed this action against the jail on August 15, 2006. By order entered August 16, 2006, Matsler was directed to amend his complaint to name individuals as defendants, and to allege facts concerning conduct undertaken by each defendant, personally, in violation of his constitutional rights. Matsler subsequently filed an amended complaint on August 24, 2006.[2] Although the amended complaint included a list of approximately fourteen individual defendants, Matsler failed to explain how each defendant was associated with his claims. Therefore, on September 14, 2006, the court entered another order directing Matsler to provide specific details explaining how each

---

[1]This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

[2]To the extent the plaintiff's amended complaints should be construed as motions to amend, the court will grant the plaintiff's motions.

individual defendant personally engaged in conduct that violated his constitutional rights. Matsler has now filed a response.

Having carefully reviewed the response, the court has identified claims against eight individual defendants. Those claims are as follows: (1) Mastler alleges that Tim Collins, a local pastor, had him arrested on false charges; (2) Matsler alleges that Officer Donna Smith will not allow him to access a law library or use legal stationery; (3) Matsler alleges that Dr. Ofogh, the jail's physician, has ignored his statements, changed his diet, and failed to test his blood sugar level; (4) Matsler alleges that Nurse Larch has changed orders that were written by "the original nurses"; (5) Matsler alleges that Officer Williams threatened him and kept him from receiving his sandwich on September 15, 2006; (6) Matsler alleges that Officer Wright "tampered with medical treatment," and that he delayed mailing a letter addressed to Matsler's attorney; (7) Matsler alleges that Tim Evans placed him in a maximum security cell and in segregation, even though he is charged with a non-violent offense; and (8) Matsler alleges that Officer Rodriguez intercepted several complaints addressed to Tim Evans and Lee Noble.

## Discussion

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law.[3] West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed Matsler's allegations, the court concludes that he has failed to state a claim of constitutional magnitude against any of the named

---

[3]The court notes that Matsler originally named the Southwest Virginia Regional Jail as a defendant. However, because the jail is not a "person" amenable to suit under § 1983, any claims against the jail must be dismissed. See Will v. Michigan Dept of State Police, 491 U.S. 58, 71 (1989).

2

defendants.

   1.   Tim Collins

Matsler contends that he is presently incarcerated as the result of false charges initiated by Tim Collins, a local pastor. As a private citizen, Collins is not subject to liability under § 1983 unless he engages in conduct that qualifies as state action. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'") (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). Because a private citizen does not become a state actor by merely "[p]roviding information to the state and pressing for state action against an individual," Manax v. McNamara, 842 F.2d 808, 813 (5th Cir. 1988), Matsler's claim against Collins must be dismissed. See also Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir. 1985) ("[P]roviding false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983.").

   2.   Donna Smith

Matsler alleges that Donna Smith will not provide access to a law library or legal stationery. It is well established that inmates have a fundamental right to "adequate, effective, and meaningful" access to courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, in order to prove that this right has been violated, an inmate must show that he has suffered an actual injury or specific harm to his litigation efforts. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Because Matsler has not alleged facts demonstrating any specific harm to his litigation efforts, his claim

against Smith must be dismissed.

    3.    <u>Dr. Ofogh and Nurse Larch</u>

Matsler alleges that Dr. Ofogh has ignored his statements, changed his diet, and failed to test his blood sugar level, and that Nurse Larch has changed orders written by other nurses. In order to prevail on a claim of inadequate medical treatment under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee must allege acts or omissions sufficiently harmful to constitute deliberate indifference to serious medical needs. See <u>Brown v. Harris</u>, 240 F.3d 383, 388 (4th Cir. 2001). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the officials must know of and disregard an excessive risk to the inmate's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-106 (1976). Likewise, questions of medical judgment are not subject to judicial review, <u>Russell v. Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that Matsler's present allegations fail to state a claim against Dr. Ofogh or Nurse Larch. Matsler has not alleged facts sufficient to establish that Dr. Ofogh or Nurse Larch knew of and disregarded an excessive risk to his health or safety. While Matsler may disagree with the Dr. Ofogh's opinion regarding the severity of his medical problems or the physician's choice of treatment, such disagreements fail to state a claim

4

for deliberate indifference. Russell, 528 F.2d at 319; Wright, 766 F.2d at 849. Further, even assuming that Dr. Ofogh or Nurse Larch acted negligently in diagnosing or treating Matsler's health problems, neither negligence nor malpractice is actionable under § 1983. Estelle, 429 U.S. at 105-106. Accordingly, Matsler's claims against Dr. Ofogh and Nurse Larch must be dismissed.

4. Officer Williams

Matsler alleges that Officer Williams threatened him and kept him from receiving his sandwich on September 15, 2006. It is well established that mere threats or harassment by jail employees, without more, does not state a constitutional claim. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). To the extent Matsler's allegations regarding the sandwich can be construed as a living conditions claim, such claim is also without merit. The living conditions of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). When a pretrial detainee complains of inadequate living conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. Id. at 535-538. Generally, conditions do not amount to punishment as long as they are rationally connected to a legitimate, nonpunitive purpose and cause no more than de minimis harm. Id.; Robles v. Prince George's County, 302 F.3d 262, 269 (4th Cir. 2002). In this case, there is no indication that Matsler suffered any harm as a result of not receiving his sandwich on September 15, 2006. Thus, Matsler's claims against Officer Williams must be dismissed.

5. Officer Wright

Matsler claims that Officer Wright delayed mailing a letter addressed to his attorney.

However, Matsler does not allege that he suffered any adverse consequences as a result of the delay. Consequently, his allegations regarding the letter fail to state a claim upon which relief may be granted. See White v. White, 886 F.2d 721, 723-724 (4th Cir. 1989) (holding that a cause of action for delay or nondelivery of legal mail requires allegations showing that the delay interfered with an inmate's right of access to the courts).

Although Matsler also claims that Officer Wright "tampered with medical treatment," he does not allege any facts to support this vague, conclusory assertion. Therefore, the court also concludes that Matsler has failed to state a claim for deliberate indifference against Wright. See Young v. City of Mt. Ranier, 238 F.3d 567, 575-576 (4th Cir. 2001) ("Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care.").

6. Officer Evans

Matsler next alleges that Officer Evans had him placed in a maximum security cell, and in segregation, even though he is charged with a non-violent offense. As previously stated, the living conditions of pretrial detainees are evaluated under Due Process Clause of the Fourteenth Amendment. Bell, 441 U.S. at 535. In order to establish that his rights under this clause were violated, Matsler must prove that the defendant's actions "amounted to punishment," and "that the injury resulting from [the defendant's] actions was more than de minimis." Robles, 302 F.3d at 269 (citing Bell, 441 U.S. at 538 and Riley v. Dorton, 115 F.3d 1159, 1161 (4th Cir. 1997)). Because there is no indication that Officer Evans' actions "amounted to punishment," Id., or that Matsler suffered more than de minimis harm as a result of being housed in either location, his

claim against Evans must be dismissed.

### 7. Officer Rodriguez

Finally, Matsler alleges that Officer Rodriguez intercepted several complaints addressed to Tim Evans and Lee Noble. Such allegation also fails state a claim upon which relief may be granted, since inmates have no constitutional right to participate in grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

### 8. Remaining Defendants

As previously stated, Matsler included a list of fourteen individual defendants in the amended complaint filed on August 24, 2006. In addition to four of the aforementioned individuals, Dr. Ofogh, Officer Wright, Tim Evans, and Tim Collins, the list included Jeff Frozzell, Burt Willis, Officer Lopez, Sergeant Henniger, Sergeant Powers, Officer Franklin, Officer Ringgold, Officer Resnick, Mark Debusk, and Mary Mayes. Despite receiving a second opportunity to amend his complaint, Matsler has not alleged that any of the remaining ten defendants personally engaged in conduct that violated his constitutional rights. Accordingly, these defendants must be dismissed. See Wright v. Collins, 766 F.2d at 850 ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.") (internal citations and quotations omitted).

## Conclusion

For the reasons stated, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss the plaintiff's complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified

copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants, if known.

    **ENTER**: This \_\_5ᵈ\_\_ day of October, 2006.

                                              /s/ Jack Conrad
                                              United States District Judge

8